## M. H. Stevenson, Appellant, *v.* Robert Scott.

*Ejectment—Will—Right of possession.*

Where a testator does not direct a sale of his real estate so as to work an equitable conversion, but after giving comparatively large legacies to his children devises all the rest, residue and remainder of his estate to be divided share and share alike among his children, the children and those claiming under them are entitled to the possession of the real estate subject to any liens for debts or legacies, and they may maintain ejectment to recover such possession.

*Ejectment—Orphans' court record—Orphans' court sale—Evidence—Conditional verdict.*

In an action of ejectment to recover land in the possession of a person who had purchased it from an executor selling under an order of the orphans' court for payment of debts, where the record of the orphans' court shows a valid sale, but that all of the purchase money had not been paid, the court will direct a judgment for plaintiffs, to be vacated, however, if within a certain reasonable time named the defendant shall pay the balance of the purchase money, and exhibit a deed from the executor properly recorded.

*Orphans' court sale—Jurisdiction—Private sale—Act of May 9, 1889.*

Under the Act of May 9, 1889, P. L. 182, the orphans' court has jurisdiction to decree and confirm a private sale of real estate for the payment of debts. Smith's Estate, *ante*, p. 222, followed.

Argued Oct. 17, 1898. Appeal, No. 20, Oct. T., 1898, by plaintiff, from conditional judgment of C. P. Washington Co., Aug. T., 1896, No. 42, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land containing seventy-three acres known as the "Macurdy farm" and situated in Hanover township.

At the trial the following questions of law were reserved:

1. Whether the records of the deeds of Mrs. Mahon, Kate G. Floyd, John A. Smith and Mary A. Smith were properly admitted in evidence.

2. Whether under the deeds of Mrs. Mahon, Mrs. Floyd and Mary Smith and J. A. Smith and the will of Stephen Smith, deceased, the plaintiff has such a title as would entitle him to have possession of this land.

3. Whether under the proceedings in the orphans' court offered in evidence an equitable title to the land in dispute was vested in the defendant such as would entitle him to have a deed from the executor on the payment of the balance of the purchase money.

4. Whether the plaintiff in this action can call in question the regularity of the orphans' court proceedings.

The court disposed of these questions of law in the following opinion by McILVAINE, P. J.:

When the case was closed on the trial of this action, the counsel for the plaintiff, as well as the counsel for the defendant, asked for binding instructions, the facts in the case being undisputed. We instructed the jury to find for the plaintiff for the land in dispute, reserving four questions of law and the right to enter judgment non obstante veredicto. The first and fourth of these questions, as they are numbered on the record, are to be considered as withdrawn, and it is to be taken that the records of the deeds of Mrs. Mahon, Kate G. Floyd and Mary A. Smith were properly admitted in evidence, and also that the record of the orphans' court offered in evidence can be called in question and attacked in this proceeding. That leaves two questions for our consideration :

1. Whether under the deeds of Mrs. Mahon, Mrs. Floyd, Mary Smith and John A. Smith, and the will of Stephen Smith, deceased, the plaintiff has such a title as entitles him to the possession of the land in dispute. It is claimed by the defendant that the beneficiaries under the will of Stephen Smith, deceased, were entitled only to receive money, and not land, and that the plaintiff, under his deeds from them, stood in their shoes. This claim, in our opinion, is not well founded. The will of Stephen Smith, deceased, did not direct a sale of his real estate so as to work an equitable conversion, and although he gave compara-

tively large legacies to his children—so large that the personal estate was not sufficient to pay them, and in such terms that they were a charge upon his land, still his devise of "all the rest, residue and remainder of my estate to be divided share and share alike between his children," etc., would entitle them to the possession of his real estate, subject, of course, to the statutory lien of his debts and the lien of any legacies which might remain unpaid by the proceeds of the sale of his personal property. It being admitted that Stephen Smith had title and died seized of the land in dispute, we therefore find that his will and the deeds of his children to M. H. Stevenson, the plaintiff, vested in him the right of possession to the land in dispute, subject to the liens we have indicated, and any equities that may exist by reason of proceedings instituted to enforce these liens.

2. That brings us to the second question for our consideration, to wit: "Whether under the proceedings in the orphans' court, offered in evidence, an equitable title to the land in dispute was vested in the defendant such as would entitle him to have a deed from the executor on the payment of the balance of the purchase money." The defendant claimed to be in possession of the land in dispute, as the vendee of the executor of Stephen Smith, deceased, and that the executor was duly authorized to sell the land to pay the debts of the decedent by the orphans' court under the acts of 1832 and 1889. Both he and the executor testified, and it is not controverted, that the price of the land as sold to the defendant, $45.00 per acre, amounted to the sum of $3,335, and that all the purchase money had been paid to the executor except $35.00, but that no deed had yet been made and delivered by the executor to him. The orphans' court record of this sale was offered in evidence by the defendant, to establish his right of possession, and it was admitted, over the objection of the plaintiff, who insisted that the record failed to show any jurisdiction in the orphans' court to confirm the sale made by the executor to the defendant. After a careful consideration of the question, we are of the opinion that, although some of the steps taken in this orphans' court proceeding were not strictly in accordance with the best practice or most orderly mode of proceedure, yet that the court on the facts before it had jurisdiction to confirm the sale made by the executor to the defendant, and we have so held in an opin-

ion this day filed in the orphans' court in a proceeding instituted by the plaintiff in this case to set aside or modify that decree and to that opinion the counsel in this case is referred. Smith's Estate, ante, p. 222.

This brings us to another objection that was made by the plaintiff to the admission of this record of the orphans' court in evidence at the trial.    It was "because it is in evidence that no deed has been delivered by the executor to the defendant, and defendant's abstract of title admits that he has not paid all the purchase money."    This objection, in our opinion, did not go to the admissibility of the evidence offered, but rather to its effect.    If the objection were that this record alone did not establish such a title as to give the defendant the right to hold possession against the heirs or devisees of Stephen Smith, or their vendee, then we think the objection well taken.    But ejectment is an equitable proceeding, and this evidence was admissible to show that in equity the plaintiff is only entitled to a conditional verdict.    Under the authority of Greenough v. Small, 137 Pa. 132, and the cases there cited, the plaintiff is entitled to possession as against the defendant, all the purchase money not having been paid and a deed from the executor not having been executed and delivered, but the moment the defendant pays the balance of the purchase money and gets his deed, he can recover the possession back from the plaintiff. Equity, to avoid such a vain proceeding, will allow the entry of a conditional judgment in favor of the plaintiff, to be released and vacated if the defendant, within a reasonable time, will file in this court a receipt showing that he has paid all the purchase money and a certified copy of the records from the recorder's office showing he has received and had recorded a deed for the land in dispute from the executor, and pays the costs of this suit, otherwise, judgment in favor of the plaintiff to become absolute, and such a judgment we will enter.

And now, January 28, 1897, judgment upon the verdict of the jury for the land in dispute and costs of suit is entered, to be released and vacated, however, if the defendant, within thirty days from this date, pays the costs of this suit and files in this court a receipt of the executor showing that he has paid all the purchase money and a certified copy of the record from the recorder's office showing that he has received from the executor

of the will of Stephen Smith, deceased, a deed for the land in dispute, otherwise the judgment herein entered to become and remain absolute.

*Error assigned* was the conditional judgment.

*M. H. Stevenson*, with him *J. C. Ewing*, for appellant.

*A. M. Todd* and *H. M. Dougan*, for appellee.

PER CURIAM, October 31, 1898:

The judgment in this case is affirmed on the opinion of the court below on the questions of law reserved on the trial.